IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE EUGENE SOPHUS, § | | |
| TDCJ #444590, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-1819 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Clyde Eugene Sophus (TDCJ #444590), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Sophus has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction.  The respondent has filed a motion for summary judgment, arguing that Sophus is not entitled to relief.  (Doc. # 7).  Sophus has filed a response.  (Doc. # 9).  After reviewing all of the pleadings, the administrative records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

### I.   BACKGROUND

Sophus is presently incarcerated as the result of three felony convictions from Harris County, Texas, for robbery in cause number 437353, aggravated robbery in cause number 463354, and aggravated robbery in cause number 463357.  (Doc. # 7, Exhibit A).  Sophus

also has a felony conviction from Madison County, Texas, for possession of a deadly weapon in a penal institution in cause number 8555. (*Id.*). He is presently confined at the French Robertson Unit, which is located in Abilene, Texas.[1]

Sophus does not challenge any of his underlying convictions here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Wynne Unit in Huntsville, Texas, where he was formerly assigned. The respondent has provided the disciplinary hearing report and record of the investigation, as well as an audiotape of the disciplinary proceeding. (Doc. # 8). The charged offenses and the disciplinary hearing are described briefly below.

On March 6, 2008, Sophus was notified that he was being charged in disciplinary case #20080177794 with violating prison rules by assaulting Officer Marshay Edwards without a weapon and without causing an injury.[2] In particular, Sophus was accused of grabbing Officer Edwards by the hand and "pulling her down to kiss her." Sophus was also charged

---

[1] The French Robertson Unit, where Sophus is now in custody, is not located within the Southern District of Texas. Because several of Sophus's prior convictions were entered in Harris County, which is within this district, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

[2] The offense is classified as a Level 1, Code 3.3 violation of the TDCJ Disciplinary Rules and Procedures, which prohibits assaulting an officer and proscribes punishment where no weapon was used and where the altercation resulted only in a non-serious injury or no injury at all. *See* TDCJ Disciplinary Rules and Procedures for Offenders (Rev. Jan. 2005) at 23, available at www.tdcj.state.tx.us/publications (last visited Oct. 27, 2008).

with "attempting to establish an inappropriate relationship" with Officer Edwards, by telling her that "she needed him and to wait for him to get out and get settled."[3]

At a disciplinary hearing on March 11, 2008, Sophus entered a plea of "not guilty." Sophus testified that the charges were false and he accused Officer Edwards of attempting to establish a personal relationship with him. After considering Officer Edwards's written report and her live testimony, the hearing officer found Sophus guilty of both disciplinary charges. As a result of the disciplinary conviction, Sophus lost his commissary privileges and he was restricted to his cell for 45 days. Sophus was also placed in solitary confinement for 15 days and reduced in classification status from S2 to L2. In addition, Sophus forfeited 730 days of previously earned credit for good conduct (*i.e.*, "good-time credit"). Sophus challenged the result of his disciplinary proceeding by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Sophus now seeks a federal writ of habeas corpus to challenge his disciplinary conviction in case #20080177794. Sophus, who provides a memorandum in support of his petition, complains that the disciplinary conviction violates due process because the charges were false and not supported by sufficient evidence. The respondent argues that Sophus is

---

[3]   According to the TDCJ Disciplinary Rules and Procedures, a prisoner commits a Level 2, Code 30.1 violation of the rules by attempting to establish "any type of personal relationship with staff or volunteers that jeopardizes, or has the potential to jeopardize the security of the agency or which compromises the effectiveness of the staff member, volunteer, or contract employee." *See* TDCJ Disciplinary Rules and Procedures for Offenders (Rev. Jan. 2005) at 30, available at www.tdcj.state.tx.us/publications (last visited Oct. 27, 2008).

not entitled to relief. The parties' contentions are discussed below under the standard of review that governs disciplinary proceedings in the prison context.

## II.  PRISON DISCIPLINARY PROCEEDINGS

Sophus seeks a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction that resulted in the loss of 730 days of good-time credit and other miscellaneous sanctions. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). To prevail, a habeas corpus petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v.*

*Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause in this instance.

>    **1.    Miscellaneous Sanctions: Loss of Privileges, Solitary Confinement, and Reduced Status**

As a result of his disciplinary conviction in case #20080177794, Sophus lost commissary privileges for 45 days and he was restricted to his cell for that same period of time, he spent 15 days in solitary confinement, and he was reduced in classification status from S2 to L2. None of these sanctions implicate a liberty interest of the sort protected by the Due Process Clause. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because a protected liberty interest is not implicated by the above-referenced sanctions, Sophus cannot show that he is entitled to habeas corpus relief from these forms of punishment.

### 2. Claims Concerning Lost Good-Time Credits

As a result of his disciplinary conviction in case #20080177794, Sophus lost 730 days of previously earned good-time credit. When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and

6

required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). It appears that Sophus is eligible for mandatory supervision and, therefore, that he had a protected liberty interest in his previously earned good-time credits. *See Teague*, 482 F.3d at 775-76 (citing *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000)). To the extent that Sophus had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court considered the minimum level of due process required in the prison disciplinary context. In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety

and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67.

Sophus does not complain that he received insufficient notice of the charges or an inadequate opportunity to call witnesses and present evidence, and he does not claim that he was denied a written statement of the reason for his conviction. (Doc. # 1, *Petition* at 7-8). The Court has reviewed the written records associated with disciplinary case #20080177794, and the disciplinary hearing audiotape submitted by respondent. The disciplinary hearing records confirm that Sophus was afforded ample notice of the charges against him, along with an opportunity to appear and present a defense at a disciplinary hearing, and a written copy of the *TDCJ Disciplinary Report and Hearing Record* detailing the reasons for his conviction. (Doc. # 8, Disciplinary Hearing Records). Accordingly, Sophus fails to demonstrate that he was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

Sophus claims that his disciplinary conviction violates due process, nevertheless, because the charges were "false" and not supported by sufficient evidence. In addition to the procedural safeguards articulated in *Wolff*, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *See Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). It is well settled, however, that "federal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). In other words, when reviewing a prison disciplinary decision,

8

"the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. Unit A 1981); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *Turner v. Johnson*, 46 F. Supp. 2d 655, 660 (S.D. Tex. 1999). To satisfy the Due Process Clause in the context of prison disciplinary proceedings "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. "The goal of this standard — variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' — is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001) (citing *Hill*, 472 U.S. at 455). Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson*, 242 F.3d at 537.

The record shows that, in addition to providing her written report of the incident, Officer Edwards testified at the disciplinary hearing and described how Sophus grabbed her and kissed her. (Doc. # 8, Disciplinary Hearing Record and Audiotape). She also detailed the statements that Sophus made in an attempt to establish an inappropriate relationship with her in violation of prison rules. (*Id.*). When asked whether Officer Edwards had done anything to encourage Sophus by leading him to believe he could kiss her, she replied firmly in the negative. (*Id.*). Officer Edwards further denied that the contact could have been accidental. (*Id.*). This is more than sufficient evidence to sustain the disciplinary conviction

in this instance. *See Hudson*, 242 F.3d at 537 (finding that the offense report, standing alone, meets the "some evidence" standard).

Although Sophus disputes Officer Edwards's account, a federal habeas corpus court may not weigh evidence when reviewing a prison disciplinary proceeding. *See Hill*, 472 U.S. at 455; *Hudson*, 242 F.3d at 537. Because there was sufficient evidence to support the guilty finding, this Court must defer to the disciplinary hearing officer. *See Hudson*, 242 F.3d at 537. Sophus has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence. Accordingly, the respondent is entitled to summary judgment and the petition must be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 7) is **GRANTED**.

2. The federal habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3.     A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 28th, 2008.

                                        Nancy F. Atlas
                                   United States District Judge